IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DENNIS HOWARD**                                                            **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:21-cv-323-KHJ-MTP**

**BARRY RULE, ET AL.**                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the order of this Court. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice.

On March 26, 2021, Plaintiff, proceeding *pro se*, filed this action and paid the filing fee in the United States District Court for the Northern District of Mississippi. *See* Complaint [1]. On May 12, 2021, that Court transferred the case to this Court. *See* Order [6].

On June 4, 2021, the Clerk of Court sent a Memorandum [9] to Plaintiff advising him that he is responsible for service of process pursuant to Federal Rule of Civil Procedure 4.[1] The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, along with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

Plaintiff has a duty to properly serve Defendants with process under Fed. R. Civ. P. 4 within 90 days after the Complaint is filed. *See* Fed. R. Civ. P. 4(c) (providing that "plaintiff is responsible for having the summons and compliant served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service"); *see also* Fed. R. Civ.

---

[1] As Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915, the Court and the United States Marshals Service have no obligation to serve process on Plaintiff's behalf. *See* Fed. R. Civ. P. 4(c).

P. 4(m) (providing that a plaintiff must serve the defendant with the complaint within 90 days after the complaint is filed).

On September 27, 2021, the Court entered an Order [11], directing Plaintiff to (a) show cause on or before October 12, 2021, why this case should not be dismissed for failure to serve process or (b) file the proof of service on or before October 12, 2021.  The Court warned Plaintiff that his failure to respond to the Order to Show Cause [11] or to properly serve Defendants by the deadline could result in the dismissal of this action without prejudice and without further notice.  To date, Plaintiff has not responded to the Order to Show Cause [11] or filed the proof of service.

Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the compliant is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Additionally, pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute this action and to comply with the Court's order, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 20th day of October, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE